IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr13

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> WILLIAM RAY WOOTEN ) <br> ) <br> _____ ) | <u>ORDER</u> |

**THIS MATTER** is before the Court upon Defendant's motion *in limine* to admit impeachment evidence of prior convictions under Rule 609(b) of potential witness, Mark Bradley. (Doc. Nos. 19 & 20).

The indictment charges Defendant with numerous offenses relating to an alleged armed robbery of a Bank of America branch in Gastonia on December 9, 2008. (Doc. No. 1). Defendant argues that this Court should allow impeachment evidence of convictions for breaking and entering/larceny and common law robbery rendered more than two decades ago to be introduced against Mark Bradley. Defendant contends that impeachment evidence of Bradley's prior convictions should be admitted because Bradley has committed similar robbery crimes to the instant offense, and Bradley's involvement in the instant offense may give him motive to lie.

Conviction impeachment evidence is generally inadmissible if more than ten years has elapsed since the date of either the witness's conviction or release from confinement, whichever is later. Fed. R. Evid. 609(b). However, if the Court determines that the probative value of outdated convictions, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, the Court may allow admittance of the impeachment evidence. <u>Id.</u> The Fourth Circuit established that district courts should only "depart from the prohibition against the use for impeachment purposes of convictions more than ten years old 'very rarely and only in exceptional

circumstances.'" United States v. Beahm, 664 F.2d 414, 417 (4th Cir. 1981) (quoting United States v. Cavender, 578 F.2d 528, 530 (4th Cir. 1978)). Before admitting conviction evidence, district courts must "find that the probative value of the conviction 'substantially' outweighs its prejudicial effect." Cavender, 578 F.2d at 531. The Fourth Circuit further noted that "the pivotal issue of the probative value of a conviction turns largely on a consideration of the nature of the conviction itself." Id. at 534. The district court must "support its findings with 'specific facts and circumstances'" regarding the prior conviction. Id. at 531.

Here, Bradley's convictions for breaking and entry/larceny and common law robbery occurred twenty-eight and twenty-five years ago, respectively. While Defendant points out similarities between Bradley's prior convictions and the instant offense, this does not justify admittance. The probative value of a prior conviction turns largely on the nature of the conviction itself. Impeachment by prior conviction under Rule 609(b) is meant "to show background facts which bear directly on whether jurors ought to believe him." Cavender, 578 F.2d at 534. As such, "[t]he crimes which are generally spoken of as meeting this test of giving a basis for an inference of a propensity to lie and which bear directly on whether jurors out to believe him are those which rest on dishonest conduct, or carry a tinge of falsification, or involve some element of deceit, untruthfulness, or falsification." Id. (internal quotation and citation omitted). Bradley's larceny and robbery convictions do not include the necessary suspect traits like dishonesty or deceit. Defendant's purpose for admitting Bradley's prior convictions does not substantially outweigh the prejudicial effect. Convictions for breaking and entry/larceny and common law robbery, over two decades ago, do not render Bradley's testimony unreliable, nor does it highlight his propensity or motive to lie.

Defendant asserts that Bradley may have been and potentially continues to remain a suspect in the instant offense, such that Bradley's convictions shed light on his motive to lie. This Court fails to see the logical connection between the two and is unconvinced by such reasoning. Although Bradley's prior convictions may share similarities with the instant offense and although Bradley was a witness to the events following the alleged bank robbery, Bradley's convictions lack suspect characteristics like falsification or dishonest conduct which would directly bear on whether jurors out to believe Bradley's testimony in this trial. The Court further finds that Defendant has not established that the probative value of Bradley's convictions substantially outweighs the prejudice.

**IT IS, THEREFORE, ORDERED** that Defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to Defendant, counsel for Defendant, and to the United States Attorney.

Signed: June 15, 2009

Robert J. Conrad, Jr.
Chief United States District Judge