IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr13

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| WILLIAM RAY WOOTEN | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the defendant's motion for severance of counts into separate trials. (Doc. No. 21).

The indictment charges the defendant with bank robbery (Count 1), possessing a firearm in relation to a crime of violence (Count 2), being a felon in possession of a firearm (Count 3), and possessing a firearm while being a fugitive from justice (Count 4). (Doc. No. 4). The defendant argues that trial on Count 4 with the remaining counts will result in prejudicial misjoinder because the factual circumstances surrounding Count 4 are unconnected to Count's One through Three. Thus, the defendant seeks a separate trial for the charge of possessing a firearm while being a fugitive from justice.

Courts have a strong interest in judicial economy and joinder is the rule rather than the exception. United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995). Thus, where joined offenses have a logical relationship with each other, such as being of the same or similar character or being connected by a common scheme or plan, a defendant must show a serious risk that a joint trial would prevent a jury from making a reliable judgment about guilt or innocence. United States v. Cardwell, 433 F.3d 378, 388 (4th Cir. 2005). Additionally, the risk of prejudice is neutralized with a proper instruction that the jury consider each charge separately. Id.

Here, the defendant argues that the evidence related to Counts One through Three have nothing to do with the evidence related to Count 4.  However, the government asserts that Counts Two, Three and Four occurred on December 9, 2008 and involved a short-barreled Braztech/Rossi 12 gauge shotgun.  Thus, the Court finds a logical connection between the offenses because they were allegedly committed on the same day with the same or similar gun.

The Court further finds that the defendant has not established a serious risk that the jury will not be able to return a reliable verdict if the offenses are tried together.  The Court intends to instruct the jury to consider the evidence regarding each count separately.  Thus, any risk of prejudice of a joint trial will be neutralized by a jury instruction and the defendant will suffer no additional prejudice from a joint trial because the evidence of the other offenses would be admissible in separate trials.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: June 15, 2009

Robert J. Conrad, Jr.
Chief United States District Judge